# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  **CASE NO: 6:18-cr-159-Orl-37LRH**

**CHARLTON MORRIS**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION**    **UNITED STATES' MOTION FOR FINAL JUDGMENT OF FORFEITURE FOR THE REAL PROPERTY LOCATED AT 243 BUTTONWOOD AVE., WINTER SPRINGS, FL (Doc. No. 71)**
>
> **FILED:**    September 5, 2019
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On July 5, 2018, an Information was filed charging the Defendant, Charlton Morris, with one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  (Doc. 1).  The Information also contained a forfeiture provision, alleging that upon conviction, Morris would forfeit to the United States any property, real or personal, that was involved in the money laundering operation.  (*Id.*).  Morris waived his right to be charged by Indictment and entered into a formal plea agreement with the United States that same day.  (Docs. 2-3).

The United States filed an amended plea agreement on August 15, 2018. (Doc. 23). According to the amended plea agreement, Morris agreed to plead guilty to the money laundering charge. (*Id.* at 1). Morris also agreed to "forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1), whether in the possession or control of the United States, the defendant, or defendant's nominees." (*Id.* at 8). The plea agreement specifically lists $388,104 in proceeds that Morris admitted he obtained during the money laundering scheme, a 2014 Mercedes Benz C250 Coupe, a Toshiba laptop computer, and funds that were seized from Morris' JPMorgan Chase Savings Account. (*Id.*). The plea agreement does not expressly identify the property at issue in the present motion, however, the plea agreement does state as follows:

> The defendant acknowledges and agrees that (1) the defendant obtained $388,104 as a result of the commission of the offense and (2) as a result of the acts and omissions of the defendant, the proceeds not recovered by the United States through the forfeiture of the directly traceable assets listed herein have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 835(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offense of conviction and, further, the defendant consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offense.

(*Id.* at 8-9).

On August 15, 2018, United States Magistrate Judge Karla R. Spaulding conducted a change of plea hearing and issued a report recommending that Morris' plea of guilty as to Count One of the Information be accepted. (Docs. 14, 19). On August 22, 2018, United States District Judge Roy B. Dalton, Jr., accepted Morris' plea of guilty and adjudicated him guilty of Count One of the Information. (Doc. 24). Judge Dalton conducted a sentencing hearing on January 14, 2019, and

sentenced Morris to a term of 121 months imprisonment, followed by a two-year term of supervised release.  (Doc. 36).  Judgment was entered accordingly on January 18, 2019.  (Doc. 37).

On June 10, 2019, the United States filed a motion for preliminary order of forfeiture for substitute asset, in which the United States seeks forfeiture of real property located at 243 Buttonwood Avenue, Winter Springs, Florida 32708 (the "Buttonwood Property").  (Doc. 66). Judge Dalton granted the motion on June 14, 2019, and entered a Preliminary Order of Forfeiture, in which he found that "pursuant to the provisions of 21 U.S.C. § 853(p), 18 U.S.C. § 982(b)(1), and Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure, the defendant's interest in the substitute asset [the Buttonwood Property] is hereby forfeited to the United States for disposition according to law."  (Doc. 67 at 1-2).

The United States filed a Notice of Lis Pendens as to the Buttonwood Property on June 19, 2019.  (Doc. 68).  On July 22, 2019, the United States filed a Declaration of Publication, in which the United States declared, under penalty of perjury, that pursuant to Federal Rule of Criminal Procedure 32.2(b)(6)(C), notice of the criminal forfeiture of the Buttonwood Property was posted on an official government site (www.forfeiture.gov) for at least 30 consecutive days, between June 20, 2019 and July 19, 2019.  (Doc. 69).  The United States also attached a copy of the notice, as well as an Advertisement Certification Report.  (Doc. 69-1 at 1-3).  The Notice of Forfeiture stated that an order of forfeiture of the Buttonwood Property had been entered, and directed any person, other than Morris, claiming interest in the Buttonwood Property to file an ancillary petition within 60 days of June 20, 2019, and that such petition must be filed with the Clerk of the Court, Orlando Division, with a copy served on the United States Attorney's Office.  (*Id.* at 1).  The United States contends that it also sent written notice of the forfeiture action via both certified and regular mail to

Trustco Bank on July 12, 2019, and to the Seminole County Tax Collector and Morris' wife, Doreen Beth Fahad, on June 27, 2019.  (Doc. 71 at 3-4).[1]

On July 1, 2019, the Seminole County Tax Collector filed a claim with the United States Attorney's Office regarding the Buttonwood Property.  (Doc. 80-2).[2]  The claim is for estimated unpaid property taxes, which, as of July 31, 2019, equated to $654.46.  (*Id.* at 8).

On July 8, 2019, Mrs. Fahad filed a claim with the United States Attorney's Office regarding the Buttonwood Property.  (Doc. 80-1).[3]  In her claim, Mrs. Fahad acknowledges receipt of the United States' Notice of Forfeiture, and asserts that she has a 50% interest in the Buttonwood Property.  (*Id.*).  While not entirely clear, it also appears that Mrs. Fahad is asserting that the Buttonwood Property is her home.  (*Id.* at 2-3).  Mrs. Fahad further states that her son Remy Alexander Fahad is currently living at the Buttonwood Property, but does not state whether she herself resides there (and her claim is curiously devoid of a return address).  (*Id.*).

On July 26, 2019, Trustco Bank filed a Petition in Response to Notice of Forfeiture which states that on June 28, 2013, Morris executed a Promissory Note in the principal amount of $85,000.00, and secured the note with a Mortgage in that same amount.  (Doc. 70).  The Mortgage, which was properly recorded in the public records of Seminole County on July 5, 2013, encumbers the Buttonwood Property.  (*Id.*).  As of July 23, 2019, Trustco Bank is owed $70,230.04 on the

---

[1] The United States has not submitted certificates of service concerning these notices, however, given the fact that Trustco Bank, Mrs. Fahad, and the Seminole County Tax Collector all filed claims in response to the Notices, the undersigned finds that notice was properly given to these parties.  Moreover, none of these third parties have challenged service.

[2] The Seminole County Tax Collector did not file a copy of the claim with the Court, however, the United States has provided a copy of the claim, pursuant to the undersigned's February 19, 2020 order.  *See* Docs. 79-80.

[3] Mrs. Fahad did not file a copy of the claim with the Court, however, the United States has provided a copy of the claim, pursuant to the undersigned's February 19, 2020 order.  *See* Docs. 79-80.

Promissory Note and Mortgage, with interest accruing at the rate of $7.75 per day.  (*Id.*).  Trustco Bank asserts that it holds a valid first mortgage on the Buttonwood Property, and that its interest is superior to any interest of the United States.  (*Id.*).  Trustco Bank asks the Court to determine that it has a legal right, title, or interest in the Buttonwood Property, and that such right, title, or interest renders the Preliminary Order of Forfeiture invalid in whole or in part.  (*Id.*).  Trustco Bank has attached a copy of the Promissory Note and Mortgage to the Petition, as well as a loan payoff statement.  (*Id.*, Exs. A, B, and C).

No other claims were filed with respect to the Buttonwood Property, and on September 5, 2019, the United States filed its Motion for Final Judgment of Forfeiture.  (Doc. 71).[4]  In the Motion, the United States represents that Morris' wife, Mrs. Fahad, filed a timely claim with the United States Attorney's Office, and is asserting a one-half interest in the Buttonwood Property. (*Id.* at 3).  The United States further represents that prior to the filing of the Information in this case, Morris owned the Buttonwood Property jointly with his wife, Mrs. Fahad.   However, on September 7, 2018, three months after the filing of the Information, Mrs. Fahad deeded her one-half interest in the Buttonwood Property to the Doreen Beth Fahad Revocable Trust.  (*Id.* at 1-2, n.1).  The United States has attached copies of the Warranty Deeds showing Mrs. Fahad's ownership of the Buttonwood Property and subsequent transfer of her interest to the Trust.  (*Id.* at Ex. A).

Citing to Morris' Pre-sentence Investigation Report, the United States claims that the Buttonwood Property is Morris' and Mrs. Fahad's second home, and that Mrs. Fahad does not live there.  (Doc. 71 at 2, n.2; *see also* Doc. 28 at ¶¶ 59-60).  The United States also acknowledges Mrs. Fahad's statement in her claim that her son currently resides at the Buttonwood Property.  (Doc. 71

---

[4] The United States has filed Certificates of Service stating that on September 5, 2019, it served a copy of the Motion for Final Judgment of Forfeiture on Trustco Bank, on Mrs. Fahad, and on the Seminole County Tax Collector.  (Doc. 71 at 9; Doc. 72).

at 2, n.2; Doc. 80-1).   The United States further represents in the Motion that it does not dispute Mrs. Fahad's one-half interest in the Buttonwood Property and is not seeking to forfeit Mrs. Fahad's interest.   Rather, the United States only seeks to forfeit Morris' one-half interest in the Buttonwood Property.   (Doc. 71 at 3).

With respect to Trustco Bank's claim, the United States represents that it will recognize the claim, and will pay to Trustco Bank the amount owed from the net proceeds obtained from the sale of the Buttonwood Property to Trustco Bank, to the extent that there are sufficient proceeds after the payment of government expenses relating to seizure, maintenance, custody, and disposal of the Buttonwood Property.   (Doc. 71 at 4).   The United States also recognizes the Seminole County Tax Collector's claim, and agrees that it will pay the Seminole County Tax Collector any unpaid taxes that have been levied against the Buttonwood Property.   (*Id.*).   The United States will pay any such taxes from the net proceeds obtained from the sale of the Buttonwood Property to the extent that there are sufficient proceeds after the payment of government expenses relating to seizure, maintenance, custody, and disposal of the Buttonwood Property.   (*Id.*).

On September 17, 2019, Trustco Bank filed a Partial Objection to the United States' Motion for Final Judgment of Forfeiture.   (Doc. 73).   Trustco Bank no longer argues that the forfeiture of the Buttonwood Property is invalid, and appears to agree with the United States' representation that it will pay the mortgage out of the net proceeds of the sale of the property.   Rather, Trustco Bank's only remaining objection to the forfeiture of the Buttonwood Property is "that the Court only award to the United States **reasonable** expenses related to forfeiture and sale of the subject property."   (*Id.* ¶ 2).   Trustco Bank also asks for an accounting of the expenses incurred by the United States for the forfeiture and sale of the Buttonwood Property.   (*Id.* at 1).

With leave of Court, (Doc. 75), on October 3, 2019 the United States filed a reply to Trustco Bank's partial objection. (Doc. 76). The United States provided a general list of the types of expenses it typically incurs in maintaining a forfeited property from the date forfeiture is ordered through the sale of the property. Such expenses include: changing the locks, cleaning the property, installing and paying for an alarm system, paying for utilities (including transfer deposits), paying association fees, paying for a lawn and/or pool service, and paying for a maintenance company to ensure the property is properly maintained. (*Id.* at 1). The United States further listed the costs of selling the property at auction, which include appraisal fees, closing costs, and advertising and auction fees. (*Id.* at 1-2). Notably, the United States represented that it does not employ a real estate agent, but rather only charges an "advertising and auction fee" which is typically far less than a real estate agent's commission. (*Id.* at 2, n.1). The United States noted that all expenses are not known at this time, but affirmed that the United States "has every incentive to minimize costs" because it will only recover if there are any net proceeds after the payment of all expenses and liens. (*Id.* at 2). The United States did not respond to Trustco Bank's request for an accounting of all incurred expenses.

Other than the partial objection raised by Trustco Bank, no other party has filed any objections or responses to the Motion for Final Judgment of Forfeiture. And other than the claims filed by Trustco Bank, Mrs. Fahad, and the Seminole County Tax Collector, no other claims have been filed. Moreover, no party (including any third-parties) has filed any other motions seeking further relief. Thus, the only pending matter is the Motion for Final Judgment of Forfeiture and the three asserted claims, which have been referred to the undersigned for issuance of a Report and Recommendation.

In accordance with Rule 32.2(c) of the Federal Rules of Criminal Procedure, and in light of the COVID-19 pandemic,[5] I held a telephonic evidentiary hearing on the Motion for Final Judgment of Forfeiture on March 19, 2020.  (Docs. 81, 83-84).  Present at the hearing was Assistant United States Attorney Nicole Andrejko, Attorney Eric Jontz on behalf of Trustco Bank, and Doreen Fahad and her mother, Rochelle-Weisor-Fahad.  No one appeared on behalf of the Seminole County Tax Collector.

During the hearing, Attorney Jontz represented that other than the concerns about "reasonable expenses" and ensuring that Trustco's mortgage received priority over the United States' forfeiture claim, Trustco had no other objections or concerns about the forfeiture proceedings.  The undersigned also questioned Doreen Fahad about her interest in the Buttonwood Property.  Mrs. Fahad admitted that she does not reside at the Buttonwood Property.  Her son Remy resides there with his family, and they are up to date on all mortgage payments.  Mrs. Fahad further acknowledged that she transferred her one-half interest in the Buttonwood Property to the Doreen Beth Fahad Revocable Trust, and that Mrs. Fahad and her son Remy jointly own and control the trust.[6]  Other than stating that her son would have nowhere to live if the house is forfeited, Mrs. Fahad presented no further evidence or argument.

The United States stated at the hearing that Mrs. Fahad's son did not move into the Buttonwood Property until after Morris pleaded guilty and the Pre-Sentence Investigation Report had been completed.  The United States further represented at the hearing that one-half of the net

---

[5] *See In re: The National Emergency Declared on March 13, 2020*, Case No. 8:20-mc-25-SDM (Doc. 1); *In re: Coronovirus Public Emergency*, Case No. 6:20-mc-17-RBD (Doc. 2).

[6] Remy Fahad did not file a claim or petition challenging the forfeiture proceedings, and did not appear at the evidentiary hearing.

proceeds of the sale of the Buttonwood Property will be transferred to the Doreen Beth Fahad Revocable Trust.

## II.   APPLICABLE LAW

Morris has been adjudicated guilty of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  (Docs. 24, 37).  The Court has the authority to order the forfeiture of property (real or personal) involved in the conspiracy to commit money laundering, as well as any property traceable to such property.  18 U.S.C. § 982(a)(1).  The manner in which any such property is forfeited, including the seizure and disposition of the property, as well as any related judicial or administrative proceedings, is governed by 21 U.S.C. § 853.  *See id.* § 982(b)(1) (incorporating the forfeiture provisions of 21 U.S.C. § 853).  Section 853(p) provides that if, as a result of any act or omission of the defendant, property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; or has been commingled with other property which cannot be divided without difficulty, the Court shall order the forfeiture of other, substitute property of the defendant, up to the value of the any property subject to forfeiture.  21 U.S.C. § 853(p)(1)-(2).  In addition, Federal Rule of Criminal Procedure 32.2(e)(1)(B) provides that on the United States' motion, the Court may at any time enter an order of forfeiture to include property that is substitute property that qualifies for forfeiture under an applicable statute.

Section 853(n) further provides, that "[a]ny person, other than the defendant, asserting a legal interest in the property which has been ordered forfeited to the United States," may petition the court for a hearing to adjudicate the validity of the alleged interest.  21 U.S.C. § 853(n)(2).  The ancillary proceeding creates an orderly procedure whereby third parties who claim their property interests have been forfeited in a criminal case can challenge the validity of the forfeiture order and

establish their legitimate ownership interest. *See United States v. Marion*, 562 F.3d 1330, 1336 (11th Cir. 2009). *See also* Fed. R. Crim. P. 32.2(c) (stating that whenever a third-party files a claim or petition, in a forfeiture proceeding, including in a proceeding to forfeit substitute property, the Court must conduct an ancillary proceeding to determine the validity of the alleged interest). The only issue in an ancillary proceeding is legal interest in the property ordered forfeited in the criminal case. *United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001*), superseded by rule on other grounds as recognized in United States v. Marion*, 562 F.3d 1330 (11th Cir. 2009). "[S]ection 853(n)(6) protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant['s] at the time the interest of the United States vested through the commission of an act giving right to forfeiture and bona fide purchasers for value without knowledge of the forfeitability of the defendant's assets." *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (internal citation and quotation marks omitted).

## III. ANALYSIS

There is no dispute that the United States properly published notice of the forfeiture and its intent to dispose of the Buttonwood Property as required by 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(b)(6)(C). There is also no dispute that the United States sent notice of the forfeiture action and instructions on how to file a claim to all necessary parties, as required by 21 U.S.C. § 853(n). Moreover, the United States has not challenged the standing of each of the three claimants (Seminole County Tax Collector, Trustco Bank, or Mrs. Fahad).[7] Thus, the only remaining question is the validity of each of the three asserted claims.

---

[7] To successfully challenge the forfeiture of property, the third-party petitioner must first show that she has Article III and statutory standing. *Via Mat Int'l S. Am. Ltd. v. United States*, 446 F.3d 1258, 1262-64 (11th Cir. 2006); *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543-45 (11th Cir. 1987).

Turning first to the Seminole County Tax Collector's claim for unpaid taxes, the United States represents that it does not object to this claim and, in fact, recognizes the claim. (Doc. 71, at 6). The United States asks that any forfeiture order be entered vesting clear title to the Buttonwood Property in the United States, subject to the interest of the Seminole County Tax Collector. (*Id.* at 7). The undersigned therefore finds that this claim is valid and should be protected.

With respect to Trustco Bank's claim, the United States similarly recognizes this claim as valid. (*Id.* at 6). The United States also asks that any forfeiture order be entered vesting clear title to the Buttonwood Property in the United States, subject to the interest of Trustco Bank. (*Id.* at 7). The United States further represents that it will minimize costs associated with the forfeiture and sale of the Buttonwood Property to the extent possible. (Doc. 76). Accordingly, the undersigned finds that this claim is also valid and should be protected.

The last claim to resolve is that of Mrs. Fahad. The basis of her claim appears to be twofold: (1) that she (through the Trust) is the 50% owner of the home and should not be penalized for her husband's criminal activity; and (2) her son and his family reside in the home and will have nowhere to live if the Buttonwood Property is forfeited. Mrs. Fahad does not argue that the Buttonwood Property is her homestead, and admits that she resides at a different location. She also has not challenged the United States' evidence that Morris owns the other half of the Buttonwood Property.

The first issue to address is the nature of Mrs. Fahad's interest in the Buttonwood Property. The Court looks to state law to determine whether Mrs. Fahad has a legal interest in the Buttonwood Property, as well as the nature of that interest. *See United States v. Shefton*, 548 F.3d 1360, 1364 (11th Cir. 2008) (citing *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007)); *United States v. Hassan*, 411 F. Supp. 3d 1302, 1307 (M.D. Fla. 2019).

The United States has submitted two Warranty Deeds as to this point. The first, dated June 28, 2013 (the same date that Morris entered into the mortgage with Trustco Bank), transfers the Buttonwood Property to "CHARLTON MORRIS AND DOREEN B. FAHAD, HUSBAND AND WIFE." (Doc. 71-1, at 1). "Where real property is acquired specifically in the name of a husband and wife, it is considered to be a 'rule of construction that a tenancy by the entireties is created, although fraud may be proven.'" *Beal Bank, SSB v. Almand and Assocs.*, 780 So. 2d 45, 54 (Fla. 2001) (quoting *First Nat. Bank of Leesburg v. Hector Supply Co.*, 254 So. 2d 777, 780 (Fla. 1971)). Because the June 28, 2013 Warranty Deed transferred the Buttonwood Property to Morris and Mrs. Fahad as "Husband and Wife," it appears that they held the property as a tenancy by the entireties.[8] And, under Florida law, "[w]hen a married couple holds property as a tenancy by the entireties, each spouse is said to hold it 'per tout,' meaning that each spouse holds the 'whole or the entirety, and not a share, moiety, or divisible part.' Thus, property held by husband and wife as tenants by the entireties belongs to neither spouse individually, but each spouse is seized of the whole." *Beal Bank, SSB*, 780 So. 2d at 53 (first quoting *Bailey v. Smith*, 103 So. 833, 834 (1925), then citing *Hector Supply Co.*, 254 So. 2d at 780)).

On September 7, 2018, however, Mrs. Fahad transferred an undivided one-half interest in the Buttonwood Property to the Doreen Beth Fahad Revocable Trust which, according to Mrs. Fahad, is jointly owned and controlled by her and her son Remy. (Doc. 71-1, at 2). "A tenancy

---

[8] To hold property by the entireties, Florida common law requires six "unities" to be present: (1) the joint owners must be married to each other; (2) the joint owners must both have title to the property; (3) they both must have received title from the same conveyance; (4) they must have an equal interest in the whole of the property; (5) they must both have the right to use the entire property; and (6) survivorship. *Passolino v. Protective Group Securities, Inc.*, 886 So. 2d 295, 296-97 (Fla. Dist. Ct. App. 2004). *See also Andrews v. Andrews*, 21 So. 2d 205, 206 (1945). It appears that all six unities existed at the time the Buttonwood Property was transferred to Morris and Mrs. Fahad.

by the entireties can [only] be terminated by the divorce of the owners, the death of one of the owners, or an agreement between the owners. '[W]ithout an agreement neither alone can [do] anything to alter the tenancy of identifiable property so held.'" *Passolino v. Protective Group Securities, Inc.*, 886 So. 2d 295, 297 (Fla. Dist. Ct. App. 2004) (alteration in original) (quoting *Sheldon v. Waters*, 168 F.2d 483, 485 (5th Cir. 1948)). However, "[t]he agreement need not be explicit; it can be inferred from the conduct of the parties." *Id.* (citing *Sheldon*, 168 F.2d at 485-86).

Here, Mrs. Fahad transferred one-half of her interest in the Buttonwood Property to the Doreen Beth Fahad Revocable Trust, and admits that the Trust is owned and controlled solely by her and her son. It would appear that these acts destroyed the unities of possession and interest that are required to maintain a tenancy in the entireties, because Morris no longer exercised control over this one-half of the property. *Cf. Rollins v. Alvarez*, 792 So. 2d 695, 696 n.2 (Fla. Dist. Ct. App. 2001) (noting that a transfer of a wife's interest in property to a trust that was controlled solely by the husband destroyed the tenancy by the entireties because the wife no longer exercised control over the property). Thus, it would appear that Mrs. Fahad no longer owns the Buttonwood Property as a tenancy by the entireties, but rather as a joint owner – in other words Morris owns a one-half interest and Mrs. Fahad (through her Trust) owns the other half. *See Passolino*, 886 So. 2d at 297-98. *See also Beal Bank, SSB*, 780 So. 2d at 52 ("[I]n a joint tenancy with right of survivorship, each person has only his or her own separate share . . . which share is presumed to be equal for purposes of alienation."). The undersigned therefore finds – and the United States agrees – that Mrs. Fahad (through her Trust) has a valid one-half interest in the Buttonwood Property.

Mrs. Fahad seeks to prevent forfeiture of the entirety of the Buttonwood Property on the basis that she is an innocent party. However, as the United States correctly represents (Doc. 71, at

3) when a defendant owns real property with innocent parties, 18 U.S.C. § 853 requires a partial forfeiture. *See, e.g., Fleet*, 498 F.3d at 1230-31 (the United States can forfeit defendant's interest in residence he owns with his wife). This is so because "[u]nlike its civil forfeiture counterpart, the criminal forfeiture statute . . . contains no innocent owner exception." *Id.* at 1231. Moreover, even if Mrs. Fahad retained title to the Buttonwood Property as a tenancy by the entireties, this would not protect the property from criminal forfeiture under § 853. *See id.* at 1232 ("[W]here the forfeiture of substitute property is concerned, 21 U.S.C. § 853(p) preempts Florida's homestead exemption and tenancy by the entireties laws.").

The undersigned recognizes the hardships Mrs. Fahad and her son Remy and his family will face if the Buttonwood Property is forfeited; however, as discussed above, "the criminal forfeiture statute involved in the present case contains no innocent owner exception." *Id.* at 1231 (citation omitted). So even if the forfeiture would hurt Mrs. Fahad and her family, this does not preclude forfeiture. *See id.* at 1232 ("The fact that the innocent spouse . . . may be adversely affected by the forfeiture of her guilty mate's interest is no bar to forfeiture of his interest." (citation omitted)). *See also United States v. Dorman*, 38 F. Supp. 3d 1328, 1330 (M.D. Fla. 2014). Moreover, the United States has agreed that it is not seeking to forfeit Mrs. Fahad's interest in the Buttonwood Property, and that one-half of the net sale proceeds will be deposited with the Trust. Accordingly, the undersigned finds that while Mrs. Fahad has a valid claim to a one-half interest in the Buttonwood Property, she cannot preclude forfeiture of Morris' one-half interest in the property.

**IV. CONCLUSION**

In sum, no other petitions have been filed with respect to the Buttonwood Property. The undersigned finds that the petitions of the Seminole County Tax Collector, Trustco, and Mrs. Fahad are valid, and the United States recognizes their respective interests in the Buttonwood Property.

The undersigned further finds that the United States has complied with all notice requirements pursuant to 21 U.S.C. § 853 and Rule 32.2. And, as discussed above, the undersigned finds that Federal and Florida law, as well as Morris' amended plea agreement and the Preliminary Order of Forfeiture (Docs. 23, 67) make clear that the remaining one-half interest in the Buttonwood Property should be forfeited to the United States.

Upon forfeiture, the United States should dispose of its one-half interest "by sale or any other commercially feasible means, making due provision for the rights of any innocent persons." 21 U.S.C. § 853(h). I respectfully recommend that the most appropriate means to dispose of the one-half interest in the Buttonwood Property, while protecting the interests of the Seminole County Tax Collector, Trustco Bank, and Mrs. Fahad, is to sell the Buttonwood Property, use the net proceeds from the sale to pay Trustco Bank's claim, and then divide the remaining net proceeds of that sale equally with Mrs. Fahad. The net proceeds shall include the sales price less the satisfaction of all liens and taxes (including the claim of the Seminole County Tax Collector), and the costs of possession, maintenance, repair, marketing, and sale of the property. Any occupants of the Buttonwood Property will need to vacate the property within 60 days from the date of the final order of forfeiture in order to facilitate the sale.

**V.   RECOMMENDATION**

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court:

1.   **GRANT** the United States' Motion for Final Judgment of Forfeiture for the Real Property Located at 243 Buttonwood Ave., Winter Springs, FL (Doc. 71), thereby vesting clear title to the Buttonwood Property in the United States, subject to the interests of the Seminole County Tax Collector, Trustco Bank, and Mrs. Fahad;

    2.    **FIND** that the claims of the Seminole County Tax Collector, Trustco Bank, and Mrs. Fahad (via the Doreen Beth Fahad Revocable Trust) are valid and enforceable;

    3.    **ORDER** that pursuant to 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), Defendant Charlton Morris' one-half interest in the Buttonwood Property is **CONDEMNED and FORFEITED** to the United States for disposition according to law;

    4.    **ORDER** that pursuant to 21 U.S.C. § 853(h), the United States shall sell the Buttonwood Property in a commercially feasible manner and divide the net proceeds – which shall include the sales price less the satisfaction of all liens (including Trustco Bank's mortgage) and taxes (including the Seminole County Tax Collector's claim), and the costs of possession, maintenance, repair, marketing, and sale of the property – equally with Mrs. Fahad (via the Trust);

    5.    **ORDER** that the United States provide Trustco Bank with an accounting of all expenses incurred in the forfeiture and sale of the Buttonwood Property;

    6.    **ORDER** that Mrs. Fahad shall provide all information and execute any documents necessary to facilitate the sale; and

    7.    **ORDER** that all persons residing in the Buttonwood Property vacate the property within 60 days from the date of the entry of the final order of forfeiture in order to facilitate the sale.

**The United States is directed to forthwith provide a copy of this Report and Recommendation to Trustco Bank, the Seminole County Tax Collector, and Doreen Fahad. The United States shall file a notice on the docket on or before April 20, 2020 stating its compliance with this directive.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 15, 2020.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy